IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES OWENS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>KRAFT FOODS GLOBAL, INC., doing business as KRAFT FOODS, INC., et al.,<br><br>    Defendants. | 1:10-cv-02062-AWI-SMS<br><br>**PRELIMINARY SCHEDULING AND DISCOVERY ORDER RE: CLASS CERTIFICATION**<br><br>Pleading Amendment Deadline: 6/30/11<br><br>Plaintiff's Motion for Class Certification Filing Deadline: 11/4/11<br><br>Defendants' Opposition to Class Certification Filing Deadline: 12/16/11<br><br>Plaintiff's Reply to Opposition to Class Certification Filing Deadline: 1/27/12<br><br>Class Certification Hearing: 2/27/12, 1:30pm, Ctrm. 2/**AWI**<br><br>Further Scheduling Conference: *to be set after resolution of class certification* |

  1. Date of Scheduling Conference:

    March 23, 2011.

//

1

1       2.    Appearances of Counsel:

2              Michael L. Carver, Esq., and Michelle M. Lunde, Esq., of
3  Labor Law Office, appeared telephonically on behalf of plaintiff.

4              Dennis C. DePalma, Esq., of Ogletree, Deakins, Nash,
5  Smoak & Stewart, P.C., appeared telephonically on behalf of
6  defendant.

7       3.    The Pleadings:

8              <u>Plaintiff's Contentions</u>

9              (1)   Plaintiff worked for Kraft as a "Filler Operator" at
10 Kraft's manufacturing facility in Fresno, CA, from approximately
11 2002 to approximately June 2010.

12             (2)   Kraft is a corporation doing business in California
13 at multiple locations, including the facility in Fresno.

14             (3)   As a "Filler Operator," plaintiff was properly
15 classified as an hourly, non-exempt employee.

16             (4)   As an hourly, non-exempt employee, plaintiff was
17 entitled to be compensated for all hours actually worked.

18             (5)   As an hourly, non-exempt employee, plaintiff was
19 entitled to overtime compensation for all hours worked over eight
20 in one day or forty in one week.

21             (6)   As an hourly, non-exempt employee, plaintiff was
22 entitled to legally-mandated meal and rest periods.

23             (7)   Kraft employed other hourly, non-exempt employees at
24 its Fresno facility and at other facilities in California.

25             (8)   All hourly, non-exempt employees employed by Kraft
26 in California were entitled to be compensated for all hours
27 actually worked.

28 //

(9) All hourly, non-exempt employees employed by Kraft in California were entitled to overtime compensation for all hours worked over eight in one day or forty in one week.

(10) All hourly, non-exempt employees employed by Kraft in California were entitled to legally-mandated meal and rest periods.

(11) During the relevant time period, plaintiff and other hourly employees of Kraft in California were not properly paid all wages and overtime earned, were not paid all bonuses earned, were deprived of lawful meal and rest periods, were not paid in full upon termination, and were not provided accurate itemized wage statements.

(12) Plaintiff and other "Filler Operators" and those in similar positions performed work for Kraft for which they were not compensated, including time spent working during meal and rest periods, time spent walking to and from work stations, and time spent donning and doffing required uniforms and equipment.

(13) The time that plaintiff and other "Filler Operators" and those in similar positions spent working without compensation was not *de minimis*.

(14) Kraft had a policy of automatically clocking "Filler Operators" and those in similar positions out for meal periods.

(15) Plaintiff and all other hourly employees in California were entitled to non-discretionary bonus pay pursuant to a company policy which was part of the compensation agreement between Kraft and the hourly employees.

(16) Kraft violated California Labor Code §§ 221, 400 to 410, and 3751 by reducing the amount of bonus paid to hourly

3

employees in California to cover business losses sustained by defendants, such as waste, workplace injuries, and other business losses.

(17) The alleged nondiscretionary bonus to hourly employees in California was not included in the computation of hourly employees' regular rate of pay for purposes of calculating overtime, in violation of California law.

(18) "Filler Operators" and those in similar positions were not always provided with lawful meal or rest periods, and are entitled to compensation for each day a meal or rest period was not lawfully provided.

(19) "Filler Operators" and those in similar positions were sometimes required to perform work during their meal periods, and thus are entitled to compensation for the work performed during their meal periods.

(20) Kraft violated California Labor Code § 203 by failing to pay all wages indisputably due and owing to terminated employees upon termination as a result of the alleged failure to pay for all hours worked, to properly pay bonuses, and/or to properly provide meal and rest periods.

(21) Kraft violated California Labor Code § 226(a) by failing to provide accurate itemized wage statements as a result of the alleged failure to pay for all hours worked, to properly pay bonuses, and/or to properly provide meal and rest periods.

(22) Kraft's alleged unlawful conduct constituted an unfair business practice pursuant to California Business & Professions Code § 17200, *et seq*.

//

4

```
```
Case 1:10-cv-02062-AWI-SMS   Document 16   Filed 03/28/11   Page 5 of 15

(23) Plaintiff and the putative class are entitled to declaratory relief with regard to the alleged unlawful conduct.

(24) Plaintiff and the putative class are entitled to an accounting as a result of the alleged unlawful conduct.

(25) Plaintiff and the putative class are entitled to injunctive relief with regard to the alleged unlawful conduct.

(26) Kraft's alleged unlawful conduct violated California Labor Code §§ 2698, *et seq.*, the Private Attorneys General Act.

(27) All hourly employees in California are sufficiently similarly-situated regarding the payment of wages, overtime, and bonuses; regarding the deprivation of meal and rest periods; regarding Kraft's alleged failure to pay wages in full upon termination; and, regarding the alleged failure to provide accurate itemized wage statements, that the Court can properly treat all hourly employees in California as a single class.

(28) Common questions of law and fact exist amongst all class members, including (1) whether plaintiff and each putative class member is entitled to additional compensation or restitution under the applicable regulations and statutes; (2) whether Kraft failed to pay class members wages, failed to properly provide meal and rest periods, or engaged in other unlawful conduct; (3) the effect of Kraft's alleged unlawful conduct on the putative class members; (4) the appropriateness and nature of relief to the putative class members; and, (5) the extent of liability of Kraft and the Doe defendants to the putative class.

(29) Plaintiff is sufficiently similarly-situated to all hourly employees of Kraft in California to adequately represent the interests of the putative class.

5

1     (30) Plaintiff's counsel can adequately represent the
2  interests of the putative class.
3     (31) A class action is a superior means of fairly and
4  efficiently adjudicating the claims of all class members.
5          Defendant's Contentions
6     (1)  Plaintiff was properly classified as a non-exempt
7  hourly employee.
8     (2)  Plaintiff was properly compensated for all time
9  worked.
10    (3)  Any time spent donning and doffing protective gear
11 by plaintiff was *de minimis*.
12    (4)  Any time plaintiff spent walking to and from her
13 work station was de *minimis*.
14    (5)  Kraft did not knowingly suffer or allow plaintiff to
15 perform any work "off the clock."
16    (6)  Kraft had a policy authorizing employees to take
17 meal and rest periods in compliance with California law.
18    (7)  Kraft provided plaintiff with the opportunity to
19 take all legally mandated meal and rest periods.
20    (8)  Kraft instructed plaintiff to take her legally
21 mandated meal and rest periods.
22    (9)  Kraft compensated plaintiff for all overtime worked
23 at the appropriate overtime rate.
24    (10) Plaintiff's claim that Kraft improperly considered
25 business expenses in calculating bonuses will fail as the
26 California Supreme Court explicitly upheld as lawful a system for
27 calculating employee bonuses virtually identical in structure to
28 the bonus calculation employed by Kraft in *Prachasaisoradej v.*

6

1  *Ralphs Grocery Co., Inc.* (2007) 42 Cal.4th 217, 226-244, 64
2  Cal.Rptr.3d 407 (upholding employer's demurrer to employee's claim
3  of unlawful deductions in violation of Labor Code § 221 because a
4  profit sharing plan that considered expenses such as workers'
5  compensation costs, cash and merchandise shortages, breakage, and
6  third party tort claims in determining profit did not violate Labor
7  Code § 221 as a matter of law).
8          (11) Plaintiff's claim that Kraft did not properly
9  consider her alleged bonus in calculating her overtime rate is
10 without support as a matter of law.
11         (12) Kraft paid all terminated employees all wages
12 indisputably due and owing in compliance with California law.
13         (13) Kraft properly provided accurate itemized wage
14 statements pursuant to Labor Code § 226(a), or any failure to
15 provide accurate itemized wage statements was *de minimis* and not
16 actionable.
17         (14) The matter is not suited for class treatment as the
18 alleged members of the putative class and putative subclasses are
19 not similarly-situated, class treatment is not a superior means of
20 resolving this dispute, and plaintiff is not an adequate class
21 representative.
22         (15) Kraft currently operates five production facilities
23 in California: two in Fresno, one in San Leandro, one in Tulare,
24 and one in Fullerton.
25         (16) Of the five production facilities in California,
26 only the Fresno facility where plaintiff worked produced Capri Sun
27 and none of the other facilities produced liquid beverages of any
28 sort.

7

(17) The production machines used in the Fresno Capri Sun facility are not used in any of the other facilities operating in California.

(18) Each of the California production facilities operate independently.

(19) Each of the California production facilities has its own policies and practices with regard to meals and rest periods, donning and doffing, recording time, and similar issues.

(20) The various California facilities actually operate as part of different Kraft management chains.

(21) Three of the five California facilities are unionized and operate pursuant to collective bargaining agreements.

(22) The differences in operations and policies between the California production facilities preclude treating this matter as a class action encompassing all hourly production workers in the state of California.

(23) There is no common work experience for hourly non-exempt employees at the Fresno facility where plaintiff worked, as the work experience (including donning and doffing and the taking of meal and rest breaks) varies depending on the position held, the shift worked, the choices and preferences of the individual employees, and numerous other factors.

(24) Plaintiff and the class she seeks to represent are not entitled to declaratory relief.

(25) Plaintiff and the class she seeks to represent are not entitled to an accounting.

(26) Plaintiff and the class she seeks to represent are not entitled to injunctive relief.

8

(27) Kraft did not commit acts warranting an action under the Private Attorneys General Act, California Labor Code §§ 2698, *et seq*.

B.   Orders Re: Amendment of Pleadings.

The parties have until June 30, 2011, to amend their pleadings, after which time no further joinder of parties or amendments to pleadings is permitted, except without leave of court, good cause having been shown.

Kraft has raised the issue of the appropriateness of the current class definition, which seeks to cover all hourly, non-exempt employees of Kraft in California.  Plaintiff intends to conduct appropriate discovery to determine whether all hourly, non-exempt employees of Kraft in California are sufficiently similarly-situated to warrant class treatment.  Plaintiff may seek to amend the Complaint to narrow the class definition based on the results of that discovery.

With regard to Kraft's Answer, the Court granted Plaintiff's Motion to Strike Certain Affirmative Defenses on March 4, 2011 (Doc. 12), allowing Kraft thirty (30) days leave to amend. Kraft may also seek further leave to amend its Answer based on plaintiff's decision to seek leave to amend her Complaint.

4.   Factual Summary:

A.   Admitted Facts which are deemed proven without further proceedings.

(1)   Plaintiff worked for Kraft as a "Filler Operator" at Kraft's manufacturing facility in Fresno, CA, from approximately 2002 to approximately June 2010.

//

9

        (2) Kraft is a corporation doing business in California at multiple locations, including the facility in Fresno.

        (3) As a "Filler Operator," plaintiff was classified as an hourly, non-exempt employee.

        (4) Kraft required individuals entering the production area at the Fresno facility to wear hair/beard nets, ear plugs, eye protection, and slip resistant shoes.

        (5) Hourly employees working at the Fresno facility were potentially eligible to participate in a performance incentive program.

        (6) Kraft employs in excess of 200 non-exempt, hourly employees in its Fresno facility.

    B. Contested Facts.

        (1) Whether plaintiff was compensated for all time worked.

        (2) Whether time plaintiff spent donning and doffing protective gear was *de minimis*.

        (3) Whether plaintiff was properly compensated for all overtime earned.

        (4) Whether plaintiff was paid in full upon termination.

        (5) Whether plaintiff received accurate itemized wage statements.

        (6) Whether plaintiff performed work during meal and rest periods.

        (7) Whether the time plaintiff spent walking to and from work stations was *de minimis*.

//

    (8) Whether the time that plaintiff spent working without compensation (if any) was *de minimis*.

    (9) Whether Kraft had a policy of clocking plaintiff out for meal periods regardless of whether plaintiff actually took a meal period.

    (10) Whether plaintiff was entitled to non-discretionary bonus pay pursuant to a company policy which was part of the compensation agreement between Kraft and plaintiff.

    (11) Whether Kraft reduced the amount of bonus paid to hourly employees in California to cover business losses sustained by Kraft.

    (12) Whether Kraft appropriately considered any bonus paid to plaintiff in calculating the overtime rate.

    (13) Whether Kraft prevented plaintiff from taking her full meal or rest periods.

    (14) Whether plaintiff's experience working for Kraft is sufficiently similar to the work experience of every other non-exempt hourly employee in California with regard to the payment of wages, overtime, and bonuses; with regard to the deprivation of meal and rest periods; with regard to Kraft's alleged failure to pay wages in full upon termination; and, with regard to the alleged failure to provide accurate itemized wage statements.

    (15) Whether non-exempt hourly employees working at other facilities in California were subjected to any of the same policies or practices that plaintiff claims she experienced at Fresno.

    (16) Whether Kraft knowingly suffered or allowed plaintiff to perform any work "off the clock."

5. Legal Issues:

    A. Uncontested.

        (1) Jurisdiction

    B. Contested.

        (1) None specifically summarized in the Joint Scheduling Report (Doc. 13) as directed by the court's standard Order Setting Mandatory Scheduling Conference (Doc. 3), and, specifically, No. 4 of Exhibit "A" attached thereto.

6. Consent to Magistrate Judge Jurisdiction:

This case will not be assigned for all purposes, including trial, to the Honorable Sandra M. Snyder, United States Magistrate Judge, as the parties do not so consent at this time.

7. Pre-Trial Motion Schedule:

Plaintiff shall file a motion for class certification on or before November 4, 2011. Defendants shall file opposition on or before December 16, 2011. Plaintiff shall file a reply on or before January 27, 2012. A hearing on the motion for class certification shall be held on February 12, 2012 at 1:30 p.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge. See **Local Rules 230 and 260**.

8. Related Matters Pending:

On December 9, 2010, Orange County Superior Court Judge Gail A. Andler granted final approval of settlement of class action claims in Carmen Polar, et al. vs. Kraft Foods Global, Inc., et al., Orange County Superior Court Case No. 30-2008-00096152, which resolved wage claims brought on behalf of all hourly non-exempt employees at the Kraft facility in Fullerton, CA.

//

12

1     9.   Compliance with Federal Procedure:

2          The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the Court in the efficient administration of this case, all counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing caseload.  Sanctions will be imposed for failure to follow the Rules as provided in both the Fed.R.Civ.P. and the Local Rules.

13    10.  Compliance with Electronic Filing Requirement:

14          On January 3, 2005, the United States District Court for the Eastern District of California became an electronic case management/filing district (CM/ECF).  Unless excused by the Court, or by Local Rule, attorneys shall file all documents electronically as of January 3, 2005, in all actions pending before the court. While Pro Se Litigants are exempt from this requirement, the court will scan in all documents filed by pro se litigants, and the official court record in all cases will be electronic.  Attorneys are required to file electronically in pro se cases.  More information regarding the Court's implementation of CM/ECF can be found on the court's web site at www.caed.uscourts.gov, including the Court's Local Rules effective January 3, 2005, the CM/ECF Final Procedures, and the CM/ECF User's Manual.

27 //

28 /

13

1    While the Clerk's Office will not refuse to file a
2 proffered paper document, the Clerk's Office will scan it and, if
3 improperly filed, notify the Court that the document was filed in
4 an improper format.  An order to show cause (OSC) may be issued in
5 appropriate cases regarding an attorney's disregard for the
6 requirement to utilize electronic filing, or other violations of
7 these electronic filing procedures.  See L.R. 110, L.R. 133(d)(3).
8    All counsel must be registered for CM/ECF.  On-line
9 registration is available at www.caed.uscourts.gov.  Once
10 registered, counsel will receive a login and password in
11 approximately one (1) week.  Counsel must be registered to file
12 documents on-line.  See L.R. 135(g).  Counsel are responsible for
13 knowing the rules governing electronic filing in the Eastern
14 District.  Please review the Court's Local Rules effective January
15 3, 2005, available on the Court's web site.
16    11.   Effect of this Order:
17    The foregoing Order represents the best estimate of the
18 Court and counsel as to the agenda most suitable to bring this case
19 to resolution.  If the parties determine at any time that the
20 schedule outlined in this Order cannot be met, counsel are ORDERED
21 to notify the Court *immediately* so that adjustments may be made,
22 either by stipulation or by subsequent status conference.
23    Stipulations extending the deadlines contained herein
24 will not be considered unless accompanied by affidavits or
25 declarations and, where appropriate, attached exhibits which
26 establish good cause for granting the relief requested.
27 //
28 /

14

**FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF SANCTIONS.**

IT IS SO ORDERED.

**Dated: March 25, 2011**          /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE