DOUGLAS J. FARMER, State Bar No. 139646
douglas.farmer@ogletreedeakins.com
CHRISTOPHER M. AHEARN, State Bar No. 239089
chris.ahearn@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:    415.442.4810
Facsimile:     415.442.4870

Attorneys for Defendant
KRAFT FOODS GROUP, INC.
dba KRAFT FOODS, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| DOLORES OWENS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KRAFT FOODS GROUP, INC. doing business as KRAFT FOODS, INC. and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 1:10-CV-02062-AWI-SMS<br><br>**INTERIM ORDER ON FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Complaint Filed: September 22, 2010<br>Trial Date:         None<br>Judge:               Hon. Anthony W. Ishii |

The above-referenced class action case ("Action") having come before the Court on July 29, 2013, and again on September 16, 2013 for an Interim Order on Final Approval of Class Action Settlement ("Final Judgment"), consistent with the Court's Preliminary Approval Order ("Preliminary Approval Order"), filed and entered on March 18, 2013, and as set forth in the Parties' Settlement and Release ("Agreement") in the above-referenced Action, and due and adequate notice having been given to Class Members as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, it is hereby ORDERED that:

1. All terms used herein shall have the same meaning as defined in the Agreement.

2. Consistent with the definitions provided in the Agreement, the term Class Members "includes all persons who were employed as Cultured Packaging Technicians at the Tulare facility and at the Fresno (South Orange Ave.) facility, Filler Operators who previously worked, or currently work on the Capri Production line, and Filler Operators who previously worked or currently work on the Kool Aid Burst production line at any time between September 22, 2006 through the date of preliminary approval." The "Class" and "Class Members" includes those who failed to exclude themselves from the terms of the Settlement.

3. For purposes of the Settlement and this Order, "Defendant" and/or the "Released Parties" includes KRAFT FOODS GROUP, INC. and KRAFT FOODS GLOBAL, INC., doing business as KRAFT FOODS, INC. and their subsidiaries, affiliates, parents and attorneys and each of their company-sponsored employee benefit plans, and their respective successors and predecessors in interest, all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents, and each of their past, present and future officers, directors shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers

4. This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Representative Plaintiff and Class Members.

5. Distribution of the Notice of Pendency of Class Action and Proposed Settlement ("Notice") and Claim Forms (collectively, the "Notice Packet") directed to Class Members (except

1  Subclass Members, which are discussed in paragraph 21 below) as set forth in the Agreement and
2  the other matters set forth therein have been completed in conformity with the Preliminary
3  Approval Order, including individual notice to all Class Members (except Subclass members) who
4  could be identified through reasonable effort, and the best notice practicable under the
5  circumstances. The Notice provided due and adequate notice of the proceedings and of the matters
6  set forth therein, including the proposed settlement set forth in the Agreement, to all persons
7  entitled to such notice, and the Notice fully satisfied the requirements of due process. All Class
8  Members and all Released Claims are covered by, included with, and subject to the Agreement and
9  this Order.

10  6.  The Court hereby finds the Agreement was entered into in good faith following
11  arms-length negotiations, and further finds that the Settlement and Agreement is fair, reasonable,
12  and adequate and that the Named Plaintiff has have satisfied the standards and applicable
13  requirements for final approval of this class action settlement under Federal Rule of Civil
14  Procedure 23.

15  7.  The Court hereby approves the Settlement as set forth in the Agreement and finds
16  that the Settlement and Agreement are, in all respects, fair, adequate, and reasonable, and directs
17  the Parties to effectuate the Settlement according to the terms outlined in the Agreement.

18  8.  As of the date of this Order and the effective date as set forth in the Agreement
19  ("Effective Date"), all Released Claims of each Class Member are and shall be deemed to be
20  conclusively released as against Released Parties and all past and present Defendants in this action.
21  All Class Members as of the date of this Order and the Effective Date of the Agreement are hereby
22  forever barred and enjoined from prosecuting the Released Claims (as defined in the Agreement
23  and as set forth below) against the Released Parties. As of the Effective Date, and except as to such
24  rights or claims that may be created by the Agreement, Class Members hereby release any and all
25  claims or causes of action that are based on or reasonably relate to the claims asserted in the
26  Complaint by Plaintiff pursuant to the terms stated in this Agreement), which arise from facts
27  alleged (or that could have been alleged) in the Complaint during the period from September 22,
28  2006 through March 18, 2013, including but not limited to claims for: (i) provide Class Members

1  with meal and/or rest periods and/or compensation in lieu thereof, (ii) failed to properly pay wages

2  either during employment and/or at the time of termination of employment and (iii) failed to

3  provide accurate itemized wage statements, among other claims. The Complaint also alleges that

4  Defendants engaged in Unfair Business Practices prohibited by Business and Professions Code

5  section 17200, et seq. and a cause of action under the Private Attorney General Act ("PAGA")

6  under Labor Code section 2698, et seq.

7      9.   As of the date of this Order and the effective date as set forth in the Agreement

8  ("Effective Date"), each and all claims of Plaintiff Dolores Owens are and shall be deemed to be

9  conclusively released as against Released Parties, including not only those claims that are asserted

10 or could have been asserted in the Action, including, but any and all claims for any reason, known

11 or unknown, for any relief including damages, wages, punitive damages, interest, attorney fees,

12 litigation costs and any other relief of any kind.

13     10.  Further, Class Members, including Dolores Owens, waive, and relinquish any and

14 all rights and benefits that they may have under Section 1542 of the California Civil Code, or the

15 law of any other state or jurisdiction, or common law principle, to the same or similar effect with

16 regard to the Released Claims.

17     11.  Neither the Settlement nor the Agreement are admissions by any of the Released

18 Parties, nor is this Order a finding of the validity of any claims in the Action, or of any wrongdoing

19 by any of the Released Parties.

20     12.  The Court hereby retains continuing jurisdiction over the interpretation,

21 implementation and enforcement of the Settlement and Agreement and all orders entered in

22 connection therewith.

23     13.  The Court hereby finds the Eight Hundred Seventy Thousand Dollars ($870,000.00)

24 in maximum settlement consideration provided for under the Agreement to be fair and reasonable.

25 The Court, therefore, orders Settlement Awards to be made and administered in accordance with

26 the terms of the Agreement and this Order, to each Eligible Class Member who submits a Claim

27 Form in accordance with the Agreement and this Order.

28     14.  The Court hereby confirms Labor Law Office, A.P.C., and Westrup Klick, LLP as

Class Counsel.

15. Pursuant to the terms of the Agreement, and the authorities, evidence and argument submitted by Class Counsel, the Court hereby awards Class Counsel fees in the amount of $290,000.00 and costs of $8,137.39 to be paid from the Settlement as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel as set forth in the Agreement.

16. The Court also hereby confirms Named Plaintiff Dolores Owens as Class Representative and authorizes payment to Plaintiff Dolores Owens in the amount of $7,500.00 from the Settlement Fund.

17. The Court also orders that a Claims Administration Payment in the amount of $13,500.00 be paid to the Claims Administrator, CPT Group, Inc., from the Settlement Fund for the costs of administration.

18. The Court further finds and orders under the California Labor Code's Private Attorneys General Act ("PAGA"), California Labor Code Sections 2699, et seq., PAGA payment amount of $8,000 is reasonable and apportions that payment as follows: to the Labor and Workforce Development Agency, the sum of $6,000 and $2,000 to the Claimants, to be distributed pursuant to the claims process defined in the Agreement.

19. The proceeds from any uncashed checks shall be sent to www.hirepatriots.com or, in the alternative, www.woundedwarrior.com after 180 day after issuance (in accordance with paragraph 51 of the Agreement) and within 20 days thereafter, the Claims Administrator shall file a declaration of compliance with this Court (in accordance with paragraph 52 of the Agreement).

20. Defendant is to transfer the settlement amount of Eight Hundred Seventy Thousand Dollars ($870,000.00) to the Claims Administrator on or before September 27, 2013.

21. As the parties have informed the Court, there are approximately 58 additional individuals (the "Subclass") who meet the criteria to be Class Members but who have not yet been sent a class notice. Based on data provided by Defendant to Class Counsel concerning the number of workweeks worked in Covered Positions by the Subclass, the Parties have stipulated, and the Court hereby orders that $117,000.00 of the $870,000.00 Settlement Fund described in paragraph

13 above shall be set aside by the Claims Administrator to be used as a separate settlement fund for the Subclass, and shall not be used by the Claims Administrator to calculate and pay Settlement Awards to Class Members who, to date, have been sent Class Notices in accordance with the terms of the Agreement.  Such Class Members' Settlement Awards (i.e., the awards for Class Members who, to date, have been sent Class Notices) shall be calculated based on a Total Settlement Amount (as that term is defined in the parties' Settlement Agreement) of $753,000.00 (less other deductions as set forth in paragraphs 15-18 above), which Settlement Awards shall be distributed by the Claims Administrator as soon as is practicable.  The Settlement Awards paid to members of the Subclass shall be determined based on a Total Settlement Amount of $117,000.00, in accordance with the terms of paragraph 36(g) of the "Stipulation of Settlement and Release" filed with the Court on February 8, 2013 as Exhibit 1 to the Declaration of Mark L. VanBuskirk.  Further, the following procedure shall be followed:

By September 27, 2013, Defendant shall provide to the Claims Administrator the name, address, telephone number, social security number, and weeks worked in a Covered Position, for each member of the Subclass.

By October 4, 2013, the Claims Administrator shall conduct a National change of address search as to the Subclass members, and then mail to each Subclass member a Notice and Claim Form, which shall be of the same form and substance as that ordered by the Court in its March 18, 2013 "Order Granting Preliminary Approval of Class Action Settlement," except that it shall be amended to reflect the schedule set forth in this Paragraph 21 regarding the notice and responses by Subclass members.

Subclass Members shall have until November 4, 2013 to submit a Claim Form, Exclusion, or Objection (as those terms are used in the Court's March 18, 2013 "Order Granting Preliminary Approval of Class Action Settlement).  All such Claim Forms, Exclusions, or Objections must be received by the Claims Administrator by November 4, 2013 in order to be valid.

To the extent that any Subclass members have not submitted a Claim Form, Exclusion or Objection by October 25, 2013, the Claims Administrator shall contact such Subclass member by telephone and advise him or her, in substance, of his or her rights as set forth in the aforementioned

Notice.

On or before November 11, 2013, Class Counsel shall file a Motion for Final Approval as to Subclass, and shall include a declaration from the Claims Administrator regarding compliance with the terms of this Paragraph 21, and a form of Settlement Agreement as to the Subclass, executed by the parties, and which contains substantively similar terms to the one filed with the Court on February 8, 2013 as Exhibit 1 to the Declaration of Mark L. VanBuskirk, except as such terms may be inconsistent with this order.

Accordingly, THE COURT SETS A THE HEARING ON FINAL APPROVAL OF SETTLEMENT AS TO THE SUBCLASS for NOVEMBER 18, 2013 at 1:30 p.m.

22. The parties have agreed, subject to the release and waivers set forth above and in the Agreement, that Plaintiff Dolores Owens is authorized to act as Class Representative of the proposed Subclass.

23. This Interim Order on Final Approval of Class Action Settlement will be incorporated into the Court's Final Order of Dismissal with Prejudice and Final Judgment upon resolution of the proposed settlement of the Subclass.

IT IS SO ORDERED.

Dated:   September 20, 2013                   _____
                                              SENIOR DISTRICT JUDGE