1
2
3
4
5
6
7
8
9
10
11
12
13
14

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

15
16

DOLORES OWENS, individually and
on behalf of all others similarly situated,

17

Plaintiff,

18

vs.

19
20
21

KRAFT FOODS GROUP, INC., doing
business as KRAFT FOODS, INC. and
DOES 1-10 inclusive,

22

Defendants.

23
24

CaseNo.:1-10-CV-02062-AWI-SMS

Honorable Anthony W. Ishii

**ORDER ON FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
AND ENTRY OF  JUDGEMENT**

Date: November 18, 2013
Time: 1:30 p.m.
Ctrm 2, Eighth Floor

25

The above-referenced class action case ("Action") having come before the Court

26

on July 29,  2013 and November 18, 2013, for an Order for Final Approval of the

27

Class Action Settlement and  Judgment ("Final Judgment"), consistent with the Court's

28

- 1 -

Preliminary Approval Order ("Preliminary Approval Order"), filed and entered on March 18, 2013, and as set forth in the Parties' Settlement and Release Agreements ("Agreements") in the above-referenced Action, and as set forth in the Court's Interim Order on Final Approval of Class Action Settlement dated September 20, 2013 ("Interim Order") and due and adequate notice having been given to Class Members as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

        1.    All terms used herein shall have the same meaning as defined in the Agreements.

        2.    Consistent with the definitions provided in the Agreements, the term Class Members shall include the following: " all persons who were employed as Cultured Packaging Technicians at the Tulare facility and at the Fresno (South Orange Ave.) facility, Filler Operators who previously worked, or currently work on the Capri Production line, and Filler Operators who previously worked or currently work on the Kool Aid Burst production line at any time between September 22, 2006 through the date of preliminary approval" and "all persons who were not given Notice in the present action pursuant to the Court's Order Granting Preliminary Approval of Settlement dated March 18, 2013 who were employed as Cultured Packaging Technicians at the Tulare facility and at the Fresno (South Orange Ave.) facility, Filler Operators who previously worked, or currently work on the Capri Production line, and Filler Operators who previously worked or currently work on the Kool Aid Burst production line at any time between September 22, 2006 through the date of preliminary approval".  The "Class" and "Class Members" includes those who failed to exclude themselves from the terms of the Settlement.

- 2 -

3.      For purposes of the Settlement and this Final Judgment, "Defendant," "Defendants," and/or the "Released Parties" includes KRAFT FOODS GROUP, INC., and KRAFT FOODS GLOBAL, INC. doing business as KRAFT FOODS, INC. and their subsidiaries, affiliates, parents and attorneys and each of their company-sponsored employee benefit plans, and their respective successors and predecessors in interest, all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents, and each of their past, present and future officers, directors shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers.

4.      This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Representative Plaintiff and Class Members.

5.      Distribution of the Notice of Pendency of Class Action and Proposed Settlement ("Notice") and Claim Forms (collectively, the "Notice Packet") directed to Class Members as set forth in the Agreements and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order and Interim Order, including individual notice to all Class Members who could be identified through reasonable effort, and the best notice practicable under the circumstances.  The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreements, to all persons entitled to such notice, and the Notice fully satisfied the requirements of due process.  All Class Members and all Released Claims are covered by, included with, and subject to the Agreements and this Final Judgment.

6.      The Court hereby finds the Agreements were entered into in good faith following arms-length negotiations, and further finds that the Settlement and Agreementsare fair, reasonable, and adequate and that the Named Plaintiff has have

1  satisfied the standards and applicable requirements for final approval of this class

2  action settlement under Federal Rule of Civil Procedure 23.

3         7.    The Court hereby approves the Settlement as set forth in the

4  Agreements and finds that the Settlement and Agreements are, in all respects, fair,

5  adequate, and reasonable, and directs the Parties to effectuate the Settlement according

6  to the terms outlined in the Agreements.

7         8.    As of the date of this Final Approval Order and Judgment and the

8  effective date as set forth in the Agreements ("Effective Date"), all Released Claims of

9  each Class Member are and shall be deemed to be conclusively released as against

10  Released Parties.  All Class Members as of the date of this Final Approval Order and

11  Judgment and the Effective Date of the Agreements are hereby forever barred and

12  enjoined from prosecuting the Released Claims (as defined in the Agreements and as

13  set forth below) against the Released Parties.  As of the Effective Date, and except as

14  to such rights or claims that may be created by the Agreements, Class Members hereby

15  release any and all claims or causes of action that are based on or reasonably relate to

16  the claims asserted in the Complaint by Plaintiff pursuant to the terms stated in this

17  Agreements), which arise from facts alleged (or that could have been alleged) in the

18  Complaint during the period from September 22, 2006 through March 18, 2013,

19  including claims for failing to:  (i) provide Class Members with meal and/or rest

20  periods and/or compensation in lieu thereof, (ii) properly pay wages either during

21  employment and/or at the time of termination of employment and/or (iii) provide

22  accurate itemized wage statements, among other claims. The Complaint also alleges

23  that Defendants engaged in Unfair Business Practices prohibited by Business and

24  Professions Code section 17200, et seq. and a cause of action under the Private

25  Attorney General Act ("PAGA") under Labor Code section 2698, et seq.

26         9.    As of the date of this Final Approval Order and  Judgment and the

27  effective date as set forth in the Agreements ("Effective Date"), each and all claims of

28

1   Plaintiff Dolores Owens are and shall be deemed to be conclusively released as against
2   Released Parties, including not only those claims that are asserted or could have been
3   asserted in the Action, including, but not limited to, any and all claims for any reason,
4   known or unknown, for any relief including damages, wages, punitive damages,
5   interest, attorney fees, litigation costs and any other relief of any kind.

6          10.   Further, Class Members, including Dolores Owens, waive, and
7   relinquish any and all rights and benefits that they may have under Section 1542 of the
8   California *Civil Code*, or the law of any other state or jurisdiction, or common law
9   principle, to the same or similar effect with regard to the Released Claims.

10          11.   Neither the Settlement nor the Agreements are admissions by any
11   of the Released Parties, nor is this Final Order and Judgment a finding of the validity
12   of any claims in the Action, or of any wrongdoing by any of the Released Parties.

13          12.   The Court hereby finds the EightHundred-SeventyThousand
14   Dollars ($870,000.00) in maximum settlement consideration provided for under the
15   Agreements to be fair and reasonable.  The Court, therefore, orders Settlement Awards
16   to be made and administered in accordance with the terms of the Agreements and as
17   set forth in the Court's Interim Order on Final Approval dated September 20, 2013 to
18   each Eligible Class Member who has submitted a Claim Form in accordance with the
19   Agreements.

20          13.   The Court hereby confirms Labor Law Office, A.P.C., and
21   WestrupKlick, LLP as Class Counsel.

22          14.   Pursuant to the terms of the Agreements, and the authorities,
23   evidence and argument submitted by Class Counsel, the Court hereby awards Class
24   Counsel fees in the amount of $290,000.00 and costs of $8,137.39 to be paid from the
25   Settlement as final payment for and complete satisfaction of any and all attorneys' fees
26   and costs incurred by and/or owed to Class Counsel as set forth in the Agreements.

27
28

- 5 -

15.     The Court also hereby confirms Named Plaintiff Dolores Owens as Class Representative and authorizes payment to Plaintiff Dolores Owens in the amount of $7,500.00 from the Settlement Fund.

16.     The Court also orders that a Claims Administration Payment in the amount of $13,500.00 be paid to the Claims Administrator, CPT Group, Inc., from the Settlement Fund for the costs of administration.

17.     The Court further finds and orders under the California Labor Code's Private Attorneys General Act ("PAGA"), California *Labor Code* Sections 2699, et seq., PAGA payment amount of $8,000 is reasonable and apportions that payment as follows:  to the Labor and Workforce Development Agency, the sum of $6,000 and $2,000 to the Claimants, to be distributed pursuant to the claims process defined in the Agreements.

18.     The proceeds from any uncashed checks shall be sent to www.hirepatriots.com or, in the alternative, www.woundedwarrior.com after 180 day after issuance (in accordance with the Agreements) and within 20 days thereafter, the Claims Administrator shall file a declaration of compliance with this Court (in accordance with the Agreements).

19.     The Court hereby enters judgment of the entire Action, and orders the Parties to act in accordance with and pursuant to the terms set forth in the Agreements.  Without affecting the finality of this Final Approval Order and Judgment in any way, the Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and Agreement and all orders entered in connection therewith.

IT IS SO ORDERED.

Dated:   November 22, 2013     _____

SENIOR  DISTRICT  JUDGE

- 6 -